UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| BILLY R. JONES, | Case No. 3:20-cv-00466-APG-WGC |
|---|---|
| Plaintiff | **ORDER** |
| v. | |
| D. DRUMMOND, *et al.*, | |
| Defendants | |

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. On August 14, 2020, Magistrate Judge Cobb ordered plaintiff Billy R. Jones to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $400 by October 13, 2020. ECF No. 6 at 3. Judge Cobb also ordered Jones to file an updated address with the court by October 13, 2020. *Id*. at 3. The October 13, 2020 deadline has now expired and Jones has not filed a fully complete application to proceed *in forma pauperis*, paid the filing fee, filed an updated address, or otherwise responded to the court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket), weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey an order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Cobb's order expressly stated that if Jones "does not file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $400 filing fee for a civil action on or before October 13, 2020, the Court will dismiss this action <u>without prejudice</u> for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff

has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the full $400 filing fee." ECF No. 6 at 3.  Judge Cobb's order also stated that if Jones "fails to file his updated address with the Court on or before October 13, 2020, the Court will dismiss this case without prejudice."  Thus, Jones had adequate warning that dismissal would result from his noncompliance with Judge Cobb's order.

I THEREFORE ORDER that this action is dismissed without prejudice based on plaintiff Billy R. Jones' failure to file an application to proceed *in forma pauperis* or pay the full $400 filing fee and Jones' failure to file an updated address with the court in compliance with this court's order dated August 14, 2020.

I FURTHER ORDER the Clerk of Court to close the case and enter judgment.

DATED:  October 19, 2020.

ANDREW P. GORDON  
UNITED STATES DISTRICT JUDGE